UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN SHARPLES,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

Case No. 2:18-cv-12880

HON. STEPHEN J. MURPHY, III

## **OPINION AND ORDER DISMISSING CASE**

Alan Sharples, a federal prisoner currently residing at the Federal Correctional Institution at Milan, Michigan, filed this complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). ECF 1. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). After careful consideration of the complaint, the Court will summarily dismiss the case.

## **BACKGROUND**

The complaint alleges that staff at Plaintiff's correctional facility negligently administered the Residential Drug Abuse Treatment Program ("RDAP"). Plaintiff asserts that alcohol and illegal drugs were readily available from other prisoners. Plaintiff claims that other prisoners offered to provide him with drugs and alcohol, and that due to his addiction he succumbed to their offers. He states that he complained to staff members and filed a grievance about the availability of the substances, but staff refused to take corrective action. Plaintiff asserts that the RDAP staff's inaction allowed his untreated drug addiction to continue and caused him "both mental and physical pain and great

1

mental anguish that interferes with his daily way of life and impedes his ability to function as a whole person." ECF. 1, PgID 6. Plaintiff seeks $1,000,000 in damages. *Id.*

## STANDARD OF REVIEW

Civil complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865–66 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).

## DISCUSSION

The FTCA constitutes a limited waiver of the sovereign immunity enjoyed by the United States for claims based upon "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant[.]" 28 U.S.C. § 1346(b)(1); *Matthews v. Robinson*, 52 F. App'x 808, 809 (6th Cir. 2002). The FTCA applies to federal inmates' claims alleging

personal injuries sustained while incarcerated because of the negligence of government employees. *See United States v. Muniz*, 374 U.S. 150 (1963).

Under the FTCA, however, "[n]o person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 28 U.S.C. § 1346(b)(2). The physical injury does not need to be significant, but it must be more than *de minimis* in order to proceed with the claim. *Jarriett v. Wilson*, 162 F. App'x 394, 400–401 (6th Cir. 2005).

Here, Plaintiff's conclusory statement that he suffers from physical pain and mental anguish as the result of his untreated drug addiction is insufficient to satisfy the "physical injury" element of a FTCA claim brought by a prisoner. *See Mower v. Dauphin Cty. Prison*, No. Civ.A. 1:CV-05-0909, 2005 WL 1322738, at *3 n.6. (M.D. Penn. June 1, 2005) (finding that Plaintiff failed to allege sufficient physical injury in connection with prison's failure to provide methadone treatment to prevent drug withdrawal symptoms); *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (finding that pain caused by use of pepper spray did not constitute physical injury sufficient to state a claim); *Alexander v. Tippah Cty., Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) (finding that vomiting and nausea are *de minimis* injuries).

Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

*Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Plaintiff's complaint makes no attempt to describe a non-*de minimis* physical injury incident to his emotional distress. Plaintiff merely asserts in conclusory fashion that he suffers from physical pain and suffering. The complaint is therefore subject to summary dismissal.

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c).

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. 28 U.S.C. § 1915(a)(3); *see McGore*, 114 F.3d at 611. Accordingly, leave to appeal in forma pauperis is denied.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the case is **DISMISSED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 31, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 31, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager